IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INTERCEPT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | |
| LUIS ENRIQUE FERNANDO ) | NO. 1:06-CV-1212-HTW |
| MOLINA GALEANA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT AS TO
DEFENDANT'S COUNTERCLAIMS AND PLAINTIFF'S COMPLAINT**

In support of its motion for summary judgment regarding Defendant's counterclaims and Plaintiff's Complaint, Plaintiff shows the Court as follows:

**I.      Overview**

This is a straightforward contract action seeking recovery on a Guaranty Agreement[1] (the "Guaranty") executed by Defendant. As there are no genuine

---

[1] A true and correct copy of the Guaranty Agreement is attached as Exhibit A to the Complaint; Plaintiff also attaches a copy of the Guaranty Agreement that was produced by Defendant in response to discovery requests as Exhibit 1 to its Motion for Summary Judgment. 31 Charles Alan Wright & Victor James Gold, Federal Practice & Procedure § 7105 (2000) ("Authentication can also be accomplished through judicial admissions such as . . . production of items in response to . [a] discovery request.").

issues of material fact and the law is clear, this Court should find Defendant liable on the Guaranty and order him to pay Plaintiff the amount of $5,058,825.50.[2] While Defendant also owes attorneys' fees, see Compl. ¶ 30, Plaintiff reserves the right to present evidence on the fees once this matter is complete and the final amount of attorneys' fees is known.

Defendant executed the Guaranty Agreement stating that he was directly and primarily liable for the Member Interest Purchase Agreement dated March 22, 2004 ("Purchase Agreement") (a true and correct copy attached to the Motion as Exhibit 2[3]) and a Promissory Note[4] ("the Media Billing Note") related to that Purchase Agreement. Defendant has admitted <u>in</u> <u>judicio</u> that he signed the Guaranty Agreement. <u>See</u> Am. Answer ¶¶ 3, 12.

The Guaranty clearly delineates that the Defendant has an *unconditional* obligation as a result of signing the Guaranty. Specifically, the Guaranty states:

> B. The Guarantor is, directly or indirectly, a holder of member interests of the Borrower and will materially benefit from the financing evidenced by the Note.

---

[2] This figure is as of March 14, 2007 and includes $1,308,825.50 in interest.
[3] The copy attached as Exhibit 2 was produced by Defendant in response to a request for production of documents; the exhibits/schedules to the Purchase Agreement are not attached.
[4] A true and correct copy of the Promissory Note is attached as Exhibit B to the Complaint. Plaintiff also attaches a copy of the Promissory Note that was produced by Defendant in response to discovery requests as Exhibit 3 to its Motion for Summary Judgment.

2

> *********
>
> 3.  Absolute Rights and Obligations.  This is a guaranty of payment and not of collection.  The Guarantor's Obligations under this Guaranty Agreement shall be absolute, and unconditional irrespective of, and the Guarantor hereby expressly waives, to the extent permitted by law, any defense to his obligations under this Guaranty Agreement by reason of:
>
> (a)  any lack of legality, validity, or enforceability of the Purchase Agreement, of the Note, or of any other agreement or instrument creating, providing security for, or otherwise relating to the Guarantor's Obligations, any of the Borrower's Liabilities, or any other guaranty of any of the Borrower's Liabilities (all such other agreements and instruments being collectively referred to as the "Related Agreements");
>
> **********
>
> It is the express purpose and intent of the parties hereto that this Guaranty Agreement and the Guarantor's Obligations hereunder shall be absolute and unconditional under any and all circumstances and shall not be discharged except by payment as herein provided.

Despite this unconditional promise and express waiver of the counterclaims he has alleged, the Defendant has attempted to raise a counterclaim of fraud in the inducement in an effort to rescind and a counterclaim to void the Guaranty or any other obligation that the Defendant has to pay.  Am. Countercls. ¶¶ 45, 48.  As shown below, however, these purported counterclaims fail as a matter of law, leaving Defendant no defense to the unconditional obligation set forth in the

3

Guaranty. Therefore, summary judgment should also be granted in favor of Plaintiff regarding Defendant's attempted counterclaims and Defendant should be ordered to pay the amounts due under the Guaranty as set forth in the Complaint.

## II.  Summary Judgment On Plaintiff's Claims Should Be Granted When Defendant Has Admitted He Signed The Guaranty And No Sufficient Defense Has Been Raised.

As shown below, the counterclaims raised as a defense to Defendant's obligation on the Guaranty fail as a matter of law. Defendant has admitted <u>in judicio</u> that he signed the Guaranty. <u>See</u> Am. Answer ¶¶ 3, 12. The Guaranty that Defendant signed submitted him to the obligation to pay the amounts due under the Guaranty—namely, the amounts due under the Media Billing Note and the Letter of Credit pursuant to Section 9.13 of the Purchase Agreement. <u>See</u> Guaranty § 1. Defendant has avoided paying these amounts for almost three years and no further delay should be permitted. There are no issues of material facts and Defendant is bound by the contract that he signed. Therefore, summary judgment should be granted in Plaintiff's favor on its claims.

## III. Summary Judgment In Favor Of Plaintiff On Defendant's Counterclaims Is Appropriate.

### A. Standard of Review

In this case, Defendant has not only contractually waived any right to pursue his purported counterclaims, he has also failed to timely rescind the contract such that summary judgment on these counterclaims must be granted. Courts should grant summary judgment when "there is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Although the moving party must show the court the basis for the motion, the moving party can meet that burden by showing an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477. U.S. 317, 324-25 (1986); Am. Signal Co. v. All Am. Semiconductor of Atlanta, Inc., No. 1:05-CV-2200-GET, 2006 U.S. Dist. LEXIS 78572, at *3-4 (N.D. Ga. Oct. 27, 2006). Critically, "a fact is not material unless it is identified by the controlling substantive law as an essential element of the nonmoving party's case." Am. Signal Co., 2006 U.S. Dist. LEXIS 78572, at *5 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

In this case, the controlling substantive law shows that there is no evidence that can be produced to defeat Plaintiff's motion for summary judgment on the

counterclaims. It is for this reason that Plaintiff has moved for summary judgment before the discovery period has expired; Plaintiff should not be subjected to the burden and cost of extensive discovery that is only related to the attempted counterclaims. As a matter of the parties' contract and as a matter of law, Defendant's purported counterclaims fail.

**B.     Defendant Has Contractually Waived His Right To Raise These Counterclaims.**

By signing the Guaranty, the Defendant is obligated to pay the amounts due and "expressly waive[d] . . . any defense to his obligations under this Guaranty Agreement by reason of . . . any lack of legality, validity, or enforceability of the Purchase Agreement [or . . .] the Note." Guaranty, § 3. The counterclaims of fraud in the inducement that seek to either rescind the Guaranty and other obligations or to void the Guaranty and other obligations are raised as purported defenses to his obligation under the Guaranty—defenses that are not permitted as clearly stated in the contract.

Section 3 of the Guaranty is clear and bars the counterclaims brought by Defendant. "[N]o construction is required or even permissible when the language employed by the parties in their contract is plain, unambiguous, and capable of only one reasonable interpretation. In such instances, the language used must be

afforded its literal meaning and plain ordinary words given their usual significance." R. S. Helms, Inc. v. GST Development Co., 135 Ga. App. 845, 848 (1975); see also Adeduntan v. Hosp. Auth., No. 3:04-CV-65(CDL), 2006 U.S. Dist. LEXIS 46846 (M.D. Ga. July 11, 2006) (stating summary judgment is appropriate vehicle to resolve contract interpretation when contract language is unambiguous).

### C. Defendant's Rescission Counterclaim Fails as a Matter Of Law.

#### 1. Defendant Has Not Rescinded The Guaranty.

Defendant has attempted to assert counterclaims for fraudulent inducement, albeit under two theories—first, that he is entitled to rescission and second, that the contract is void. "In general, a party alleging fraudulent inducement to enter a contract has two options: (1) affirm the contract and sue for breach; or (2) rescind the contract and sue in tort for fraud." Liberty v. Storage Trust Props., L.P., 267 Ga. App. 905, 910 (2004); see also G. Mansour v. Mansour's, Inc., 233 Ga. App. 7, 9 (1998). In the three years since this transaction took place, Defendant never contacted Plaintiff to seek to rescind the contract. Nor does Defendant set forth any allegations that reflect any previous attempt to rescind the contract or any excuse for not attempting to rescind the contract. By electing not to rescind the

contract, he has affirmed it. The attempted rescission only occurred in response to Plaintiff's collection action against Defendant.

## 2. Defendant's Delay and Failure To Seek Rescission Has Resulted In His Waiver Of A Rescission Claim.

If a party wishes to rescind a contract, he must act promptly upon discovery of the facts that would permit him to rescind the contract. See Liberty, 267 Ga. App. at 910 (citation omitted). In this case, Defendant alleges that the $30,000,000.00 was "immediately due and required to be paid" at the time of the March 2004 transaction. Am. Answer ¶38(c). However, Defendant never took any steps to rescind the contract. He simply sought rescission in response to Plaintiff's attempt to collect the amount due. A delay of nine months has been held to waive a rescission claim. Liberty, 267 Ga. App. at 912; see also Buckley v. Turner Heritage Homes, Inc., 248 Ga. App. 793, 795 (2001) (affirming grant of summary judgment on rescission claim for delay of ten months). Here, Defendant's delay of well over 30 months has also resulted in a waiver of the rescission claim and therefore this claim should be dismissed as a matter of law.

### 3. Defendant Has Failed To Make Any Effort To Restore Benefits.

In order to bring a claim for rescission, the party "must first restore or make a bona fide effort to restore to the other party whatever benefits he has received from the transaction." Daly v. Mueller, 279 Ga. App. 168, 169-170 (2006); O.C.GA § 13-4-60. Moreover, if this condition precedent is not met and the counterclaim "for rescission shows that the requisite tender was not made, dismissal of the action is appropriate." Daly, 279 Ga. App. at 170. Although there are exceptions to this tender requirement—where the benefits are worthless or illusory or tender would be unreasonable or impossible—no exceptions apply in this case. Id. at 171. Nor, significantly, have any exceptions been plead. Indeed, the Guaranty itself states that Defendant "will materially benefit" from the Guaranty. Summary judgment in favor of Plaintiff is proper where this condition precedent has not been met. Nexus Services, Inc. v. Manning Tronics, Inc., 201 Ga. App. 255, 256 (1991) (stating this rule is well-settled in Georgia). The tender requirement remains whether the claim is for rescission at law or a claim for rescission done by the court in equity. Brown v. Techdata Corp., 238 Ga. 622, 627 (1977). Because no tender has been made in this case, the rescission counterclaim fails as a matter of law.

### D.     Defendant's Declaratory Judgment Counterclaim To Void The Guaranty And Other Obligations Fails As A Matter of Law.

In addition to the rescission counterclaim, Defendant seeks a declaratory judgment to void the Guaranty and all other obligations arising out of the March 2004 transaction.  The grounds for this counterclaim are the same as the grounds for the rescission counterclaim—alleged fraud in the inducement.  The Declaratory Judgment Act, 28 U.S.C. § 2201, was designed to "avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage had accrued."  Cunningham Bros., Inc. v. Bail, 407 F.2d 1165, 1168 (7th Cir. 1969).  The court may dismiss a declaratory judgment action if it will not serve any useful purpose—particularly in a case like this one where the substantive allegations contained in Defendant's rescission counterclaim and the declaratory judgment counterclaim are identical.  See Newsub Magazine Servs. LLC & Gift Servs. v. Heartland Direct, Inc., 2004 U.S. Dist. LEXIS 4121 (D. Ill. 2004) (dismissing declaratory judgment claim as "superfluous" when there was another claim addressing the rights between the parties); see also Hoagy Wrecker Service, Inc. v. Ft. Wayne, 776 F. Supp. 1350, 1359 (D. Ind. 1991) (dismissing declaratory judgment action because the alleged unequal treatment had already occurred two

years before the declaratory judgment was filed). Here, there is no "early adjudication" for the Court to engage in that is typical of a valid declaratory judgment action; the parties are already in Court to resolve the matters between them. This declaratory judgment counterclaim is simply a restatement of the first counterclaim and therefore fails for the same reasons. Additionally, the declaratory judgment is based on the same substantive allegations and the Court may use its discretion in dismissing it as superfluous.

### E.     Any Claim For Breach of Contract Fails As A Matter Of Law.

To the extent that Defendant's allegations can be construed as a breach of contract action, that action is barred as a matter of law by the merger clauses in the relevant contracts. There are merger clauses in both the Guaranty and the Purchase Agreement. Guaranty, § 16; Purchase Agreement § 13.13. When a party has affirmed the contract by not rescinding it and has sued for damages on the contract, a merger clause in the contract prevents the party from attempting to assert that he relied upon alleged pre-contractual misrepresentations and the fraud action fails as a matter of law. First Data Pos, Inc. v. Willis, 273 Ga. 792, 794-95 (2001).

Here, the merger clauses at issue are as follows:

> Entire Agreement. This Guaranty Agreement, together with the Purchase Agreement, the Note, and the other Related Documents, constitutes and expresses the entire

11

> understanding between the parties hereto with respect to the subject matter hereof, and supersedes all prior negotiations, agreements, understandings, inducements, commitments, or conditions, express or implied, oral or written, except as herein contained. The express terms hereof control and supersede any course of performance or usage of the trade inconsistent with any of the terms hereof. Neither this Guaranty Agreement nor any portion or provision hereof may be changed, altered, modified, supplemented, discharged, canceled, terminated, or amended orally.

Guaranty, § 16.

> Complete Agreement. This Agreement and the other documents referenced herein and therein contain the entire agreement of the parties with respect to the subject matter of this Agreement and supersede all prior and contemporaneous negotiations, agreements, arrangements and understandings between them with respect to such subject matter. Notwithstanding the above, the agreements referenced in this document shall survive the Closing and be effective on their own terms without any limitation by this provision.

Purchase Agreement, § 13.13.

These merger clauses are clear and, if the Defendant's counterclaims can be construed to seek damages under a breach of contract theory, he is bound by the contract, including these clauses. First Data Pos., Inc., 273 Ga. at 794. For these reasons, any breach of contract action possibly alleged by Defendant is barred as a matter of law.

## IV.     Conclusion

For each of these reasons, Plaintiff respectfully requests the Court to enter summary judgment in its favor on Defendant's counterclaims and on Plaintiff's affirmative claims. Defendant should be ordered to immediately pay the $5,058,825.50 due to Plaintiff. Plaintiff will then seek further relief from the Court to recover its attorneys' fees.

This 19th day of March, 2007.

>  */s/ Rebecca B. Phalen*
> S. Wade Malone
> Georgia Bar No. 468015
> wade.malone@nelsonmullins.com
> Rebecca B. Phalen
> Georgia Bar No. 575197
> rebecca.phalen@nelsonmullins.com
>
> Attorneys for InterCept, Inc.

NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.
999 Peachtree Street, NE / 14th Floor
Atlanta, Georgia  30309-3964
(404) 817-6000
(404) 817-6050 (facsimile)

## **Local Rule 7.1 Certification**

I hereby certify that this memorandum of law has been prepared in Times New Roman, font size 14 and complies with Local 5.1.

                                                   <u>/s/ Rebecca B. Phalen</u>
                                                   Rebecca B. Phalen
                                                   Georgia Bar No. 575197
                                                 rebecca.phalen@nelsonmullins.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INTERCEPT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | |
| LUIS ENRIQUE FERNANDO ) | NO. 1:06-CV-1212-HTW |
| MOLINA GALEANA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT'S COUNTERCLAIMS AND PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification to the following attorneys of record:

Jamie P. Woodard
Wellborn & Wallace, LLC
1175 Peachtree St.
100 Colony Square, Ste. 300
Atlanta, GA 30361

/s/ Rebecca B. Phalen
Rebecca B. Phalen
Georgia Bar No. 575197
rebecca.phalen@nelsonmullins.com

Attorney for InterCept, Inc.

NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.
999 Peachtree Street, NE / 14th Floor
Atlanta, Georgia  30309-3964
(404) 817-6000
(404) 817-6050 (facsimile)