IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INTERCEPT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | |
| LUIS ENRIQUE FERNANDO ) | NO. 1:06-CV-1212-HTW |
| MOLINA GALEANA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE ARE NO GENUINE ISSUES
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, Plaintiff InterCept, Inc., shows the Court the following material facts as which there are no genuine issues to be tried:

1.  Defendant executed the Guaranty Agreement stating that he was directly and primarily liable for the Member Interest Purchase Agreement dated March 22, 2004 ("Purchase Agreement") (attached to the Motion as Exhibit 2) and a Promissory Note ("the Media Billing Note") (attached to the Motion as Exhibit 3)

related to that Purchase Agreement. Defendant admitted that he signed the Guaranty Agreement (the "Guaranty"[1]). <u>See</u> Am. Answer ¶¶ 3, 12.

2. The Guaranty states that the Defendant has an unconditional obligation as a result of signing the Guaranty. Specifically, it states:

> B. The Guarantor is, directly or indirectly, a holder of member interests of the Borrower and will materially benefit from the financing evidenced by the Note.
>
> *********
>
> 3. Absolute Rights and Obligations. This is a guaranty of payment and not of collection. The Guarantor's Obligations under this Guaranty Agreement shall be absolute, and unconditional irrespective of, and the Guarantor hereby expressly waives, to the extent permitted by law, any defense to his obligations under this Guaranty Agreement by reason of:
>
> (a) any lack of legality, validity, or enforceability of the Purchase Agreement, of the Note, or of any other agreement or instrument creating, providing security for, or otherwise relating to the Guarantor's Obligations, any of the Borrower's Liabilities, or any other guaranty of any of the Borrower's Liabilities (all such other agreements and instruments being collectively referred to as the "Related Agreements");
>
> *********
>
> It is the express purpose and intent of the parties hereto that this Guaranty Agreement and the Guarantor's Obligations hereunder shall be absolute and

---

[1] The Guaranty is attached to the Motion as Exhibit 1.

>unconditional under any and all circumstances and shall not be discharged except by payment as herein provided.

3. Defendant alleges that the $30,000,000.00 was "immediately due and required to be paid" at the time of the March 2004 transaction. Am. Answer ¶38(c).

4. The Guaranty at Section 16 contains the following merger clause:

>16. Entire Agreement. This Guaranty Agreement, together with the Purchase Agreement, the Note, and the other Related Documents, constitutes and expresses the entire understanding between the parties hereto with respect to the subject matter hereof, and supersedes all prior negotiations, agreements, understandings, inducements, commitments, or conditions, express or implied, oral or written, except as herein contained. The express terms hereof control and supersede any course of performance or usage of the trade inconsistent with any of the terms hereof. Neither this Guaranty Agreement nor any portion or provision hereof may be changed, altered, modified, supplemented, discharged, canceled, terminated, or amended orally.

5. The Purchase Agreement at Section 13.13 contains the following merger clause:

>Complete Agreement. This Agreement and the other documents referenced herein and therein contain the entire agreement of the parties with respect to the subject matter of this Agreement and supersede all prior and contemporaneous negotiations, agreements, arrangements and understandings between them with

>respect to such subject matter.  Notwithstanding the above, the agreements referenced in this document shall survive the Closing and be effective on their own terms without any limitation by this provision.

6. Defendant has not alleged that he has rescinded or made any attempts to rescind the contracts at issue in this case, including the Purchase Agreement and the Guaranty.

This 19th day of March, 2007.

>*/s/ Rebecca B. Phalen*
>S. Wade Malone
>Georgia Bar No. 468015
>wade.malone@nelsonmullins.com
>Rebecca B. Phalen
>Georgia Bar No. 575197
>rebecca.phalen@nelsonmullins.com
>
>Attorneys for InterCept, Inc.

NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.
999 Peachtree Street, NE / 14th Floor
Atlanta, Georgia  30309-3964
(404) 817-6000
(404) 817-6050 (facsimile)

4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| INTERCEPT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | |
| LUIS ENRIQUE FERNANDO MOLINA GALEANA, | ) | NO. 1:06-CV-1212-HTW |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT'S COUNTERCLAIMS** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification to the following attorneys of record:

Jamie P. Woodard
Wellborn & Wallace, LLC
1175 Peachtree St.
100 Colony Square, Ste. 300
Atlanta, GA 30361

/s/ Rebecca B. Phalen
Rebecca B. Phalen
Georgia Bar No. 575197
rebecca.phalen@nelsonmullins.com

5

                                          Attorney for InterCept, Inc.

NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.
999 Peachtree Street, NE / 14th Floor
Atlanta, Georgia  30309-3964
(404) 817-6000
(404) 817-6050 (facsimile)