IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION


INTERCEPT, INC.,                              :
                                              :
          Plaintiff                           :
                                              :
v.                                            :        CIVIL ACTION FILE NO.
                                              :        1:06-CV-1212-HTW
LUIS ENRIQUE FERNANDO MOLINA                  :
GALEANA,                                      :
                                              :
          Defendant                           :


## ORDER

The above matter is before the court on several pending motions. This order addresses  plaintiff's motion for a summary judgment and the motions relating to the additional discovery.

## BACKGROUND

This action was commenced in May, 2006 by plaintiff InterCept, Inc. ("plaintiff" or "InterCept") seeking to enforce the provision of certain guaranties executed by defendant Luis Enrique Fernando Molina Galeana ("defendant" or "Dr. Molina") in which Dr. Molina is alleged to have guaranteed the obligations of Media Billing LLC in connection with its acquisition of Internet Billing Company, LLC ("iBill") by Media Billing.

On November 10, 2006, defendant filed an answer which he amended by a further filing on November 10, 2006. In the answer, he acknowledged that he had signed the guaranty  but denied liability and other material allegations of the complaint and contained

an affirmative defense alleging fraud in the inducement of the purchase transaction by Media Billing and in the inducement of his guaranty. The answer also asserted two counterclaims alleging the same fraud in the inducement and seeking rescission of the guaranty and declaratory judgment declaring the guaranty obligations void.

Discovery was commenced and, during its course, plaintiff objected to the production of any documents relating to defendant's affirmative defenses or counterclaims, asserting, in effect, that since the defenses and counterclaims were legally defective, plaintiff need not provide discovery. Plaintiff, on October 15, 2007, provided to the defendant a large number of documents, including some previously subject to objections.

On March 19, 2007, after the initial disclosures had been filed and some preliminary discovery was undertaken, plaintiff made this motion for summary judgment. Defendant responded and, on April 26, 2007, the motion was fully submitted. Oral argument was heard on October 18, 2007.

In support of its motion, plaintiff filed copies of the note, the purchase agreement and the guaranty. Plaintiff's arguments are principally based on the language of these documents. No affidavit proof was filed by plaintiff, although portions of defendant's deposition testimony are quoted.

In opposition, defendant filed his own declaration as well as a declaration of Jason Galanis who represented him in the Media Billing/InterCept transaction. The Galanis declaration details the matters as to which defendant and Galanis contend they were misled in their dealings with plaintiff. These are principally matters relating to the financial condition of the business, including its viability of iBill to remain in business post-acquisition. The Galanis declaration particularly asserts that information concerning the

2

current status of significant accounts payable was misrepresented. Plaintiff does not confront these assertions on this motion. Rather, plaintiff asserts that, even if true, these assertions cannot defeat its claims for a variety of reasons.

FACTUAL STATEMENT

The court deems it appropriate to set out the key provisions of the guaranty signed by defendant. Defendant executed the guaranty agreement ("guaranty") stating that he was directly and primarily liable for the member interest purchase agreement dated March 22, 2004 ("purchase agreement") and a promissory note ("the Media Billing Note") related to that purchase agreement. Defendant admitted *in judicio* that he signed the guaranty agreement.

The guaranty that defendant signed obligated him to pay the amounts due under the guaranty - namely, the amounts due under the Media Billing Note ($750,000.00) and the letter of credit pursuant to Section 9.13 of the purchase agreement ($3,000,000.00).

In the guaranty, defendant agreed to "unconditionally, absolutely, continually, and irrevocably" guarantee payment and performance. The guaranty also states that defendant had an interest in the underlying transaction:

> The Guarantor is, directly and indirectly, a holder of member interests of the Borrower and will materially benefit from the financing evidenced by the Note.

Guaranty, §B.

Defendant agreed that he is directly and primarily liable for these amounts:

> The Guarantor agrees that he is directly, and primarily liable . . . For the Borrower's Liabilities.

3

Guaranty, §1.

It is undisputed that the borrower, Media Billing, has not fulfilled its obligations. Media Billing relied on defendant's guarantee in public filings. In a "Current Report on Form 8-K," dated May 4, 2004 and filed with the International, Inc., which owns 99% of Media Billing, confirmed "Dr. Luis Enrique Fernando Molina G., our controlling shareholder, has guaranteed the obligations of Media Billing under the Purchase Agreement, both as to payment of the note and to the release of First Data's line of credit."

The guaranty also states that defendant's obligations under the guaranty are absolute and that he waived any defenses to the guaranty:

> 3. Absolute Rights and Obligations. This is a guaranty of payment and not of collection. The Guarantor's Obligations under this Guaranty Agreement shall be absolute, and unconditional irrespective of, and the Guarantor hereby expressly waives, to the extent permitted by law, any defense to his obligations under this Guaranty Agreement by reason of:
>
> (A) any lack of legality, validity, or enforceability of the Purchase Agreement, of the Note, or of any other agreement or instrument creating, providing security for, or otherwise relating to the Guarantor's Obligations, any of the Borrower's Liabilities, or any other guaranty of any of the Borrower's Liabilities (all such other agreements and instruments being collectively referred to as the "Related Agreements") . . .

Guaranty, §3.

Defendant agreed in the guaranty that his obligations are only discharged by payment:

4

> It is the express purpose and intent of the parties hereto that
> this Guaranty Agreement and the Guarantor's Obligations
> hereunder shall be absolute and unconditional under any and
> all circumstances and shall not be discharged except by
> payment as herein provided.

Guaranty, §3.

Defendant also acknowledged in the guaranty that he had access to all

information from plaintiff before he signed the guaranty:

> The Guarantor represents and warrants to the
> Secured Party that: (a) the Guarantor has
> adequate means to obtain on a continuing basis
> (i) from the Borrower, material information
> concerning the Borrower and the Borrower's
> financial condition and affairs and (ii) from
> other reliable sources, such other information
> as the Guarantor deems material in deciding to
> provide this Guaranty Agreement ("Other
> Information"), and has full and complete
> access to the Borrower's books and records
> and to such Other Information; (b) the
> Guarantor is not relying on the Secured Party
> or its employees, directors, agents, or other
> representatives or Affiliates, to provide any
> such information, now or in the future; (c) the
> Guarantor has been furnished with and
> reviewed the terms of the Purchase Agreement,
> the Note and the other Related Documents, is
> executing this Guaranty Agreement; (d) the
> Guarantor has relied solely on the Guarantor's
> own independent investigation, appraisal, and
> analysis of the Borrower, the Borrower's
> financial condition and affairs, the "Other
> Information," and such other matters as the
> Guarantor deems material in deciding to
> provide this Guaranty Agreement and is fully
> aware of the same; and (e) the Guarantor has
> not depended or relied on the Secured Party or
> its employees, directors, agents, or other
> representatives of Affiliates, for any
> information whatsoever concerning the
> Borrower or the Borrower's financial condition

5

and affairs or any other matters material to the
Guarantor's decision to provide this Guaranty
Agreement, or for any counseling, guidance, or
special consideration or any promise therefor
with respect to such decision.

Guaranty, §14.

## SUMMARY JUDGMENT STANDARD

Summary judgment is authorized when all "pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to a judgment

as a matter of law." Fed.R.Civ.P. 56(c). The party seeking judgment bears the burden of

demonstrating any absence of a genuine dispute as to any material fact. Adickes v. S.H. Kress

& Co., 398 U.S. 144, 175, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Bingham, Ltd. v. United

States, 724 F.2d 921, 924 (11th Cir. 1984). The movant carries this burden by showing the

court that there is an "absence of evidence to support the non-moving party's case." Celotex

Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). In making

its determination, the court must view the evidence and all factual inferences in the light most

favorable to the non-moving party.

Once the moving party has adequately supported its motion, the burden shifts

to the non-moving party to come forward with specific facts that demonstrate the existence

of a material issue for trial. Matsushita Elec. Induc. Co. v. Zenith Radio Corp., 475 U.S. 574,

587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 528 (1986). The non-moving party may "go beyond

the pleadings" to present competent evidence regarding specific facts demonstrating a genuine

issue for trial. Celotex, 477 U.S. at 324. However, "[t]he mere existence of a scintilla of

evidence" supporting the non-moving party's case is insufficient to defeat a motion for

6

summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505,

2512, 91 L.Ed.2d 202 (1986).

CONCLUSIONS OF LAW

The facts in the case show that Media Billing has not fulfilled its obligations

under a promissory note and the related purchase agreement.[1]  This brings into focus the

guaranty signed by Dr. Molina.  It has been clearly established that he signed the guaranty.

As pointed out hereinabove, Dr. Molina has filed counterclaims which have been answered

by the plaintiff.

At the outset, in its response, plaintiff argues that defendant has contractually

waived his right to assert the counterclaims.  Plaintiff contends that by signing the guaranty,

defendant is obligated to pay the amounts due and "expressly waive[d] . . . any defense to his

obligations under this Guaranty Agreement by reason of . . . any lack of legality, validity, or

enforceability of the Purchase Agreement [or . . .] the Note."  Guaranty, §3.  Plaintiff argues

that this is a matter of contract interpretation - again, a matter appropriate for summary

judgment.  See  Adeduntan v. Hosp. Auth., No. 3:04-CV-65 (CDL), 2006 U.S. Dist. LEXIS

46846 (M.D. Ga. July 11, 2006) (stating summary judgment is appropriate vehicle to resolve

contract interpretation when contract language is unambiguous).  Plaintiff contends that the

language in the guaranty is clear and unambiguous, and should be enforced.

---

[1]The record in the case shows that the dispute between InterCept and Media Billing
was arbitrated, with an award being granted in favor of the plaintiff.  The award was
confirmed in a judgment by the Superior Court of Fulton County.  The judgment awarded
InterCept was $5,201,023.671.  No money was ever paid by Media Billing.

7

A. Defendant's Fraud Claim

It was in his answer and counterclaim that Dr. Molina raised his fraud claim. While in the answer Dr. Molina acknowledged that he signed the guaranty, he denied that he is obligated to pay because of fraud in the inducement of the purchase transaction entered into by Media Billing and regarding the guaranty signed by him.

Under Georgia law, it has been held that:

> In general, a party alleging fraudulent inducement to enter a contract has two options; (1) affirm the contract and sue for damages from the fraud or breach; or (2) promptly rescind the contract and sue in tort for fraud." (Citations omitted.) *Ainsworth v. Perreault*, 254 Ga. App. 470, 471 (1) (563 SE2d 135)(2002). Cited in *Ekeledo v. Amporful*, 281 Ga. 817, 819 (2007).

It is clear from reading defendant's counterclaims that he has chosen the second option, to "promptly rescind the contract and sue in tort for fraud." This brings into focus the issue of rescission.

Plaintiff argues that defendant has waived any rescission claim he might have had by delaying over thirty months before seeking rescission. Under Georgia case law, if a party desires to rescind a contract he must act promptly upon discovery of the facts that would permit him to rescind the contract. See Liberty v. Storage Trust Props., L.P., 267 Ga. App. 905, 910 (2004) (citations omitted).

Plaintiff further argues that even if defendant had timely sought rescission, he has failed to meet the conditions precedent to seeking such a claim. That is, plaintiff contends that defendant has failed to show that he has restored or made a bona fide effort to restore to

8

the plaintiff whatever benefits defendant received from the transaction. See Daly v. Mueller, 279 GA.App. 168, 169-170 (2006; O.C.G.A. §13-4-60.

In response, defendant argues that plaintiff's position ignores the facts of the instant case. Defendant contends that the facts show he is a guarantor, not a buyer or seller, and he received nothing in the transaction. Defendant states that he possesses nothing to tender back. Defendant also states that the parties to the transaction are Media Billing, Internet Billing Company and InterCept, Inc.

Further, defendant argues that his rescission claim was not untimely raised. Defendant contends that only when plaintiff filed the lawsuit seeking to enforce the guaranty was he required to seek rescission based on fraud.

The court agrees with plaintiff's argument that a delay of over thirty months is too long. A delay of only nine months has been held to waive a rescission claim. Liberty, supra; see also Buckley v. Turner Heritage Homes, Inc., 248 Ga.App. 793, 795 (2001) (affirming grant of summary judgment on rescission claim for delay of ten months). Defendant's argument regarding his delay in seeking rescission indicated a misunderstanding of his obligations under the guaranty. While he was entitled to allow the principals to the transaction (Media Billing and InterCept) to deal with the issues between them, he was still required to live up to his obligations under the guaranty. The obligations arose when Media Billing failed to perform, which happened before plaintiff filed the lawsuit against defendant. The court concludes that the defendant should have acted promptly to rescind the contract under what he was obligated if he had reason to seek rescission. The motion for summary judgment will be granted on this issue.

9

B. The Declaratory Judgment Claim

As part of his counterclaim, defendant sets out a declaratory judgment claim in addition to the rescission claim. In this counterclaim, defendant states that he is "entitled to a declaratory judgment declaring that any and all guarantors, agreements and notes alleged in the complaint are void as having been induced by fraud." Defendant contends that he was authorized to file alternative pleadings under Fed.R.Civ.P. 8(e)(2). In response, plaintiff contends that this counterclaim is based on the same allegations of fraud in the rescission claim. Plaintiff argues that it should fail as a matter of law for the reasons discussed hereinabove regarding the rescission claim. Plaintiff concedes that defendant may file alternative pleadings, but argues the declaratory judgment claim is clearly duplicative of the rescission claim. While a party may set forth two or more claims or defenses under the federal rules, at least one of the claims or defenses must be legally sufficient. The court finds that the declaratory judgment claim is duplicative of the rescission claim and is not a legally sufficient claim that can stand on its own. See Newsub Magazine Servs. LLC & Gift Servs. v. Heartland Direct, Inc., 2004 U.S. Dist. LEXIS 4121 (D. Ill. 2004) (dismissing declaratory judgment claim as "superfluous" when there was another claim addressing the rights between the parties). The motion for summary judgment will be granted on this claim.

In reaching a decision on plaintiff's motion for summary judgment, the court has not ignored the declarations of Jason Galanis and Fernando Molina (defendant). In his declaration, Dr. Molina states that he did not personally participate in the discussions leading to his signing of the guaranty, but relied on Mr. Galanis, his friend and business associate. Dr. Molina stated that he adopts the statements made in Galanis's declaration. Mr. Galanis's

10

declaration is a lengthy one in which he lists the element of purported misrepresentations or concealment of facts he states induced defendant and Media Billing to enter into the contract and guaranty relating to the purchase of the Internet Billing Company.

To the extent that the declarations of Dr. Molina and Mr. Galanis includes facts, they raise matters of serious concerns regarding fraud in the inducement if the case was going to a trial. However, as noted hereinabove, plaintiff's motion for summary judgment will be granted for failure of Dr. Molina or Media Billing to promptly rescind the contract and the guaranty.

### C. Defendant's Discovery Efforts

The record in the case shows that a considerable amount of discovery in the case has been conducted by the parties. This includes the depositions of Dr. Molina and certain employees of plaintiff. However, defendant's other requests for discovery, which defendant contends relate to the counterclaims, have not been forthcoming. In response, plaintiff has filed a motion for protective order. This was followed by defendant's motion to compel. The discovery motions have not been ruled on by the court.

Plaintiff's position is that no additional discovery is needed prior to the court's ruling on it's motion for summary judgment. Plaintiff argues that the documents signed by Media Billing and Dr. Molina should be determinative in this action. In response, defendant contends that he is entitled to additional discovery under the provisions of Fed.R.Civ.P. 56(f). Defendant argues that plaintiff's motion for summary judgment should be denied or stayed until defendant can obtain the necessary facts to fully oppose the matter.

The court must next determine whether defendant has shown entitlement to additional discovery under Rule 56 (f). In Harbert International, Inc. v. James, 457 F.3d 1271

11

(1998), the Eleventh Circuit Court of Appeals set forth the standards for Rule 56(f) issues.

The Court stated the following:

> A Rule 56(f) motion must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment. *See* Fed.R.Civ.P. 56(f); *Walters v. City of Ocean Springs*, 626 F.2d 1317, 1321 (5th Cir. Unit A 1980). Whether to grant or deny a Rule 56(f) motion for discovery requires the court to balance the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party.

Harbert, at page 1280.

Also, the Court in Harbert stated that the discovery request must be narrowly tailored to cover only the issues involved. It does not appear that defendant has submitted any affidavits tailored specifically to the need for additional discovery under 56(f). However, the court determines that the declarations of Dr. Molina and Mr. Galanis should be considered in reaching a decision on this issue. A review of the two declarations, especially Mr. Galanis's declaration, shows that they do not state with particularity any facts that defendant believes that the additional discovery will be sufficient to raise a general issue of material fact. Mr. Galanis's declaration mostly outlines specific acts of purported fraud that induced Media Billing and Dr. Molina to agree to the transaction. Also, it appears that defendant is seeking discovery as to the issue of damages the defendant might have sustained. It goes without saying that the court cannot reach the damage issue unless defendant prevailed on the liability issue under his counterclaims. Accordingly, defendant's request for additional discovery under Rule 56(f) will be denied.

12

### D.   Damages

Since the court will be granting plaintiff's motion for summary judgment, plaintiff will be entitled to recover damages.  Plaintiff has outlined its damages claim in a proposed order submitted to the court.

Plaintiff contends that defendant is obligated to pay interest on the Media Billing note at a rate of 12% per annum, or $246.58 per day.  See Guaranty, §21 ("Any amounts not paid when due under this Guaranty Agreement shall bear interest at the Default Rate."); Media Billing note, §4(a) (defining "Default Rate" as simple interest rate of 12% per annum).  Plaintiff states that the obligation to pay the Media Billing note accrued on March 30, 2004, pursuant to Section 1(a) of the Media Billing note.

Plaintiff further contends that defendant is also obligated to pay interest on the Letter of Credit at a rate of 12% per annum, or $986.30 per day.  See Guaranty, §21; Media Billing note, §4(a).  Plaintiff states that the obligation to pay this amount accrued on April 22, 2004, pursuant to Section 9.13 of the Purchase Agreement.

Finally, plaintiff contends that defendant has agreed to pay "all reasonable fees and expenses, including reasonable attorneys' fees" that plaintiff incurred in enforcing the guaranty.  Plaintiff states that it will submit evidence of its attorneys' fees' claim as the court directs.

It does not appear to the court that defendant has made a counter argument to plaintiff's claims for damages or attorneys' fees.

### E.   Summary

The court having given full consideration to the issues raised by the parties, will grant plaintiff's motion for summary judgment.  In reaching the decision, the court has

13

followed the requirements of Rule 56(f) and finds that no genuine issues of material fact exist as to the issues raised. The main basis for the court's decision includes plaintiff's obligations under the guaranty and the failure of defendant to promptly rescind the transaction.

Plaintiff is directed to submit to the court the amount of damages and attorneys' fees plaintiff contends that it is entitled to recover effective October 3, 2008. The same shall be submitted not later than seven (7) days from the date of this order. The defendant is allowed seven (7) days thereafter to submit any response or objections to the damages and attorneys' fees plaintiff seeks to recover.

## CONCLUSION

In view of the foregoing, the court GRANTS plaintiff's motion for summary judgment on plaintiff's complaint and defendant's counterclaims. Further, the court DENIES defendant's motion for additional discovery under Fed.R.Civ.P. 56(f). Also, the court DENIES all other pending discovery motions, including the motions for additional discovery, protective order, cross-motion for protective order, and to compel.

The clerk will not be directed to enter judgment on the motion for summary judgment until the court rules on plaintiff's claims for damages and attorneys' fees.

SO ORDERED, this 2nd day of _September_, 2008.[2]

HORACE T. WARD, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2]This order terminates docket entry numbers 32, 33, 42, 51, 54, 63 and 64.

14