## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| INTERCEPT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No. |
| | ) | 1:06-CV-1212-CCH |
| LUIS ENRIQUE FERNANDO | ) | |
| MOLINA G., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**InterCept Inc.'s Memorandum of Law in Support of Its Motion for Contempt
for Molina's Failure to Obey a Court Order**

Defendant Molina has disobeyed this Court's lawful order dated November
18, 2010. He has failed to appear for his deposition, again. No excuse has been
offered for this failure, especially in light of warnings and notice from the Court
that his failure to appear could result in sanctions and a warrant for his arrest.  The
only meaningful remedy in this post-judgment action is to issue a warrant for his
arrest. InterCept also seeks its attorneys' fees for having to bring this motion, a
motion caused by Molina's failure to appear for the noticed deposition and for
disobeying a court order.

## I. Factual Background

After hearing argument on InterCept's Motion for Sanction for Molina's Failure to Appear for His Deposition [Rec. Doc. 116], this Court entered an order instructing Molina to appear for a deposition, allowing Molina just over four weeks to appear for a deposition. In doing so, the Court gave notice to Molina that he may be arrested for failure to comply with a lawful order of the Court:

> Defendant Molina Galeana is ORDERED to appear for a properly noticed deposition in Atlanta, Georgia, at a date and place to be agreed upon by the parties, but no later than December 17, 2010. Defendant Molina Galeana is expressly advised that, should he again fail to appear for a properly noticed deposition, the Court may issue an order holding him in Contempt and ordering that he be arrested for failure to comply with a lawful order of the Court, and the Court may also impose monetary sanctions on both Defendant and counsel for Defendant.[1]

After a hearing on discovery issues, this Court reminded Molina of Molina's obligation to obey the November 18, 2010 order:

> Defendant is again advised that, should he fail to appear for a properly noticed deposition, the Court may issue an order holding him in contempt and ordering that he be arrested for failure to comply with a lawful order of the Court, and the

---

[1] Order dated Nov. 18, 2010 [Rec. Doc. 129].

Court may also impose monetary sanctions on both Defendant and counsel for Defendant.[2]

Despite the Court's lawful order, Molina has not appeared for a deposition. Molina's counsel never offered dates that Molina could appear. Therefore, on November 23, 2010, InterCept served and filed the third notice of deposition, setting the deposition date for December 15, 2010.[3] And InterCept was clear that it was flexible as to the date.[4] Molina's counsel indicated that Molina would not be attending the deposition.[5] It is now December 20, 2010, and Molina has not appeared for a deposition. Therefore Molina should be held in contempt of this Court's November 18, 2010 order.

## II.    Argument and Citation of Authority

A party that fails to appear for a properly noticed deposition may be sanctioned immediately under Federal Rule of Civil Procedure 37(d). In this post-judgment proceeding—where Molina already owes more than $6 million—the

---

[2] Order dated Dec. 9, 2010 [Rec. Doc. 134].

[3] Third Not. of Dep., attached as Ex. A.

[4] *See* e-mail from Malone to Monagle, Nov. 23, 2010 ("We have flexibility as to the date (as long as it is completed by the Court's deadline of December 17)."), attached as Ex. B.

[5] E-mail exchange between Malone and Monagle, Dec. 13, 2010, attached as Ex. C.

only sanction that would be effective is an order to issue an arrest warrant to incarcerate Molina if he does not appear for a deposition.[6]

In a post-judgment proceeding, at least one court has compared issuing an arrest warrant for contempt to the sanction of dismissal.[7] In *Andrews v. Holloway*, the United States District Court of New Jersey recognized that in a post-judgment proceeding, it is not reasonable to impose monetary sanctions against a plaintiff with a judgment already against him.[8] So the court had to determine how to create an appropriate civil contempt remedy. It looked to the factors used in determining whether dismissal of a case is appropriate, analyzing those factors to determine if an arrest warrant would be appropriate.[9] In the Eleventh Circuit, the court has looked at three factors to determine whether the sanction of dismissal under Rule 37 is appropriate:

- Whether a party has willfully, in bad faith or fault failed to comply with a discovery order;[10]

- Whether the party seeking discovery was prejudiced; and

---

[6] *See Andrews v. Holloway*, 256 F.R.D. 136, 148 (D.N.J. 2009) (recognizing that in a post-judgment dispute the court has limited options for appropriate sanctions and that an additional monetary sanction would be meaningless).

[7] *See, e.g., Andrews*, 256 F.R.D. at 148.

[8] *Id.*

[9] *Id.*

[10] *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984).

- Whether there are less drastic sanctions that could be effective.[11]

In this case, should Molina fail to appear for his deposition in the time ordered by the court, the factors weigh in favor of issuing an arrest warrant.

### A.    Molina's nonappearance is willful and in bad faith.

InterCept has been attempting to take Molina's deposition since it was first noticed on July 1, 2010 to be taken on August 25, 2010. InterCept has repeatedly advised Molina's counsel that it remained flexible as to a date, but InterCept should not be asked to wait indefinitely for Molina to appear. Molina has never filed a motion for protective order, and never provided any reason that he has not appeared, even informally. Rather, it appears that Molina is simply ignoring orders of this Court. Without any legitimate reason on record for not appearing and for ignoring this Court's order, Molina can only be acting willfully and in bad faith.[12]

### B.    InterCept is prejudiced by Molina's failure to appear for a deposition.

Molina's failure to appear for his deposition has deprived InterCept with the ability to collect on its judgment, now more than $6 million. InterCept has also

---

[11] *Andrews*, 256 F.R.D. at 149.

[12] *See Miller v. Sprint Commc'ns*, No. 3:97CV156-P, 1997 WL 910426, at *3 (W.D.N.C. Dec. 31, 1997) (attached as Ex. K to Rec. Doc. 116).

been forced to undergo the costs and time for post-judgment litigation.[13] Moreover, Molina's blanket claim of the Fifth Amendment privilege to each discovery request is hindering another method of obtaining his financial information.

### C.   Only an arrest warrant will persuade Molina to appear for his deposition.

This is a post-judgment action; the other sanctions listed as possible sanctions are not applicable in this case.[14] Striking pleadings, entering findings of fact, or dismissing the action are not applicable in this post-judgment proceeding where liability has already been established. And monetary sanctions imposed on top of the more than $6 million judgment would have no coercive effect on Molina.[15] Molina is already incurring interest on the underlying judgment, but has failed to satisfy the judgment. Adding additional money to this judgment and the accruing interest is unlikely to persuade Molina to now appear for his deposition, having already failed to appear two times.

---

[13] *See Andrews*, 256 F.R.D. at 149 (finding that plaintiff was prejudiced in a post-judgment action when the defendant refused to provide complete and honest answers to discovery requests).
[14] Fed. R. Civ. Proc.37(b)(2)(A)(i)-(iv).
[15] *See Andrews*, 256 F.R.D. at 150.

**D.      The arrest warrant should include other names that Molina has used.**

For the arrest warrant to have full effect, it should also contain names that Molina has been known by. Those names are identified below:

1. **Luis Enrique Molina**: This name was used in the signature block to the Guaranty Agreement [Rec. Doc. 1].

2. **Enrique Molina**: This name was used in a Loan Application and on a driver's license. *See* Ex. D (redacted to remove personal information, including social security number and full date of birth).

3. **Enrique Fernando Molina**: used in Membership Interest Purchase Agreement dated as of October 28, 2003 by and between Healthcare Investors of America, Inc. and Pacific Development, GP, attached as Ex. E. Molina's signature is on the final page.

4. **Fernando Molina**: Schedule I to Club Licensing Agreement. *See* Ex. F.

InterCept asks that this Court issue an arrest warrant that includes these variations of his name that Molina has used. This additional information should assist the federal marshals with executing the arrest warrant.

**E.    Reasonable attorneys' fees should be granted to InterCept for bringing this motion.**

While attorneys' fees alone will not persuade Molina to appear for a deposition, as InterCept continues to spend unnecessary time to seek compliance with court orders, Molina and his counsel should be ordered to pay the reasonable expenses caused by their actions. Rule 37(b)(2)(C) and Rule 37(d)(3) requires the party failing to act to pay reasonable expenses, including attorneys' fees. Should the Court grant this request, InterCept will submit an affidavit indicating the time it has spent on this motion.

**III.    Conclusion**

Molina has disobeyed this Court's order, even after the Court put Molina on notice that it could issue an arrest warrant. A warrant for Molina's arrest is the only sanction that will ensure his compliance with this Court's order.

This 20th day of December, 2010.

/s/ S. Wade Malone
S. Wade Malone, Esq.
Georgia Bar No. 468015

NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.
Atlantic Station
201 17th St., NW / Suite 1700

8

Atlanta, GA 30363
PH: 404-322-6000
FX: 404-322-6050
wade.malone@nelsonmullins.com

## Local Rule 7.1(D) Certification

I certify that this brief has been prepared with Times New Roman font, 14 point, in accordance with Local Rule 5.1.

/s/ S. Wade Malone
S. Wade Malone, Esq.
Georgia Bar No. 468015

NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.
Atlantic Station
201 17th St., NW / Suite 1700
Atlanta, GA 30363
PH: 404-322-6000
FX: 404-322-6050
wade.malone@nelsonmullins.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| INTERCEPT, INC.,              ) | |
|                           ) | |
|        Plaintiff,  ) | |
|                           ) | |
| v.                        ) | Civil Action File No. |
|                           ) | 1:06-CV-1212- CCH |
| LUIS ENRIQUE FERNANDO  ) | |
| MOLINA G.,             ) | |
|                           ) | |
|        Defendant.  ) | |

## CERTIFICATE OF SERVICE

I hereby certify that December 20, 2010, I electronically filed the **InterCept Inc.'s Memorandum of Law in Support of Its Motion for Contempt for Molina's Failure to Obey a Court Order** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Steven Michael Jampol
North Atlanta Law Group, P.C.
Suite 100
11680 Great Oaks Way
Alpharetta, GA 30022

James F. Monagle
Murphy Pearson Bradley & Feeney
88 Kearney Street 10FL
San Francisco, CA 94108-5524.

This 20th day of December, 2010.

/s/ S. Wade Malone
S. Wade Malone, Esq.
Georgia Bar No. 468015

NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.
Atlantic Station
201 17th St., NW / Suite 1700
Atlanta, GA 30363
PH: 404-322-6000
FX: 404-322-6050
wade.malone@nelsonmullins.com