IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INTERCEPT, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:06-CV-1212-HTW-CCH |
| LUIS ENRIQUE FERNANDO : | |
| MOLINA GALEANA, : | |
| : | |
| Defendant. : | |

**O R D E R**

The above-captioned action is before the Court on Plaintiff's Motion for Contempt and Sanctions for Molina's Failure to Obey a Court Order [135] ("Motion for Contempt"), Defendant's Motion for Protective Order Regarding Manner and Location of Deposition [138] ("Motion for Protective Order"), and Defendant's Motion to Allow Hearing on Defendants' Motion for Protective Order to Precede Hearing on Plaintiff's Motion for Contempt [141] ("Motion to Allow Hearing"). For the reasons set forth below, Plaintiff's Motion for Contempt [135] is **GRANTED IN PART, DENIED IN PART**, Defendant's Motion for Protective Order [138] is **DENIED AS MOOT**, and Defendant's Motion to Allow Hearing [141] is **DENIED AS MOOT**.

## I.     BACKGROUND

The Plaintiff originally filed this action on May 22, 2006, and on October 20, 2008, the Court entered judgment in favor of Plaintiff and against Defendant in the amount of $5,760,334.22, plus $121,932.94 in attorney's fees and expenses. The action is now in the post-judgment discovery phase, as Plaintiff attempts to recover on the judgment against Defendant Molina Galeana, who resides in Mexico.

Plaintiff noticed Defendant Molina Galeana to appear for a deposition on September 14, 2010. It is undisputed that Defendant failed to appear for his deposition and, according to Plaintiff, counsel for Defendant did not notify counsel for Plaintiff that he did not intend to appear until the day before the deposition. After Defendant failed to appear for his deposition, Plaintiff filed a Motion for Sanctions [116] against Defendant for his failure to appear for his deposition, and argued that the appropriate sanction in this case would be an order to incarcerate Molina Galeana if he did not appear for his deposition. On November 18, 2010, the undersigned held a telephone conference with counsel for the parties to hear oral argument on the Plaintiff's Motion for Sanctions, at which time Defendant's then-counsel Mr. Monagle admitted that Defendant failed to appear for his deposition, but argued that an order to incarcerate

2

Defendant at that time would be premature. At no time during that telephone conference did counsel for Defendant inform the undersigned that Defendant was unable to travel to Atlanta because of a medical condition.

The undersigned then entered an Order [129] in which Defendant Molina Galeana was ordered to appear for a deposition in Atlanta, Georgia, at a date and place to be agreed upon by the parties, but no later than December 17, 2010. Defendant Molina Galeana was expressly advised in that Order that, should he again fail to appear for his deposition, the Court may issue an order holding him in contempt and ordering that he be arrested for failure to comply with a lawful order of the Court, and the Court may also impose monetary sanctions on both him and his counsel for refusing to cooperate with the discovery process.

Thereafter, on December 9, 2010, the undersigned held another telephone conference with counsel for the parties to hear oral argument on Plaintiff's Motion to Compel [120]. Defendant Molina Galeana had objected to Plaintiff's written discovery requests on various grounds, including the ground that he refuses to provide the responses because he invokes his Fifth Amendment privilege from compelled self-incrimination, and Plaintiff requested an Order from the Court compelling Defendant

Molina Galeana to provide responses to Plaintiff's discovery requests. During the telephone conference, counsel for Defendant at that time, Mr. Monagle, informed the undersigned that Defendant may have medical issues that are interfering with his ability to cooperate with discovery, but counsel for Defendant did not inform the undersigned that Defendant's medical condition precluded him from traveling to the United States.

After hearing the arguments of counsel, the undersigned then entered an Order [134] stating that Defendant would not be entitled to refuse to respond to discovery requests on the ground of a blanket Fifth Amendment privilege unless and until the Court held an *in camera* hearing to determine whether the Defendant could establish a reasonable ground for invoking that privilege. That Order [134] also stated that the Court would issue another order setting a date and time for that hearing after Defendant appeared for his deposition on or before December 17, 2010, as he was ordered to do in the Court's previous Order [129] of November 18, 2010. Defendant was again advised that, should he fail to appear for his deposition by December 17, 2010, the Court may issue an order holding him in contempt and ordering that he be arrested for failure to comply with a lawful order of the Court, and the Court may also impose monetary sanctions on both him and his counsel.

According to Plaintiff, it served Defendant Molina Goleana with another notice of deposition on November 23, 2010, setting the date of the deposition for December 15, 2010; counsel for Plaintiff states that he informed defense counsel that the date was flexible so long as the Defendant complied with the Court's Order to appear by December 17, 2010. Despite two separate Orders from the Court informing Defendant Molina that he was required to appear for a deposition in Atlanta, Georgia, on or before December 17, 2010, Defendant again failed to appear, and failed to file any Motion for Protective Order before the date of the deposition. On December 20, 2010, the Plaintiff filed a Motion for Contempt [135] arguing that Defendant should be held in contempt of court for failing to appear for his deposition, thereby violating an Order of the Court. Plaintiff argues that the only sanction that would be effective would be an order to issue an arrest warrant to incarcerate Defendant Molina Galeana if he continues to refuse to appear for his deposition.

In response to Plaintiff's Motion for Contempt, Defendant filed a Motion for Protective Order [138] in which he, for the first time, informs the Court that he suffers from chronic infectious otitis, an ear condition that prevents him from traveling to the United States. Defendant requests that he be allowed to participate in a video or telephonic deposition rather than being forced to travel to the United States to submit

5

to his deposition in person. Defendant also requests that he be allowed to assert his Fifth Amendment privilege through a notarized affidavit or in-person in Mexico City before an official of the United States embassy, rather than in person before the undersigned. Defendant states that his medical condition arose prior to December 17, 2010, and thus, the Court should not enter any sanctions against him for his failure to appear for his deposition by that deadline.

A few days after filing the Motion for Protective Order, Defendant also filed a Motion to Allow Hearing [141], asking the Court for an "emergency alteration to the normal hearing schedule" in order to hear the Defendant's Motion for a Protective Order to be resolved before ruling on the Plaintiff's Motion for Contempt.

On February 3, 2011, Defendant filed his Reply Brief [149] in support of both his Motion for Protective Order and his Motion to Allow Hearing, in which he states that he is now able to travel to the United States to be deposed and to make an *in camera* proffer regarding his Fifth Amendment privilege. Defendant, through his new attorneys Martin A. Sabelli and Steven Jampol, contends that he is finally ready and willing to travel to the United States, and argues that the issuance of an arrest warrant under these circumstances would be improper and unwarranted. Defendant also states

that "the pursuit of monetary sanctions is unnecessary as Dr. Molina has already offered to compensate Intercept for expenses incurred because of any Dr. Molina's failure to attend his deposition thus far." Def. Reply Br. [149] at 4.

## II.   DISCUSSION

As noted above, the Plaintiff originally noticed Defendant's deposition for September 14, 2010, but over four months later, Defendant has still failed to appear for his deposition. Significantly, Defendant failed to file his Motion for Protective Order until December 30, 2010, which is the first time he informed the Court that he had any medical condition that prohibited him from traveling to the United States. Prior to December 30, 2010, the undersigned had held two separate telephone conferences with counsel, on November 18, 2010, and December 9, 2010, and counsel for Defendant failed to inform the undersigned on either of those occasions that the Defendant had a medical condition that prohibited him from traveling. Thus, the undersigned finds that Defendant's behavior during the past four months in repeatedly refusing to appear for his deposition, despite two separate Orders from the Court, indicates an intent to delay the proceedings and obstruct justice. Accordingly, the

undersigned finds that, at the very least, Plaintiff is entitled to monetary sanctions for Defendant's refusal to appear for his depositions.

Because Defendant now represents to the Court that he is ready and willing to travel to Atlanta, however, the undersigned is inclined to give Defendant one more chance to appear for his deposition before holding him in contempt and ordering a warrant for his arrest. Accordingly, Plaintiff's Motion for Contempt [135] is **GRANTED IN PART, DENIED IN PART**. The Court holds that Plaintiff is entitled to sanctions against Defendant Molina Galeana, but the Court finds that monetary sanctions are the appropriate remedy at this time, rather than an arrest warrant. The Court finds that Plaintiff is entitled to reasonable attorney's fees and expenses as a result of Defendant's failure to appear for his deposition and the resulting necessity of having to file the Motion for Contempt.

Plaintiff is thus **ORDERED** to file, within **fourteen (14) days** of the entry of this Order, an affidavit from counsel setting forth the amount of attorney's fees and expenses incurred as a result of Defendant's refusal to cooperate with discovery since September 14, 2010. Defendant shall be permitted to object to the amount of the attorney's fees and expenses requested within **seven (7) days** of the filing of the

affidavit of Plaintiff's counsel. If Defendant fails to file any timely objection to the amount of the attorney's fees and expenses requested, Defendant is **ORDERED** to pay to counsel for Plaintiff, within **thirty (30) days** of the entry of this Order, the amount of attorney's fees and expenses requested by Plaintiff. If Defendant Molina Galeana pays the award of attorney's fees and expenses to counsel for Plaintiff within **thirty (30) days** of the entry of this Order (or within the time period later ordered by the Court after ruling on any timely objection to the amount of fees and expenses requested), no sanctions will be imposed against counsel for Defendant.

As Defendant has rescinded his request that he be allowed to appear for his deposition via video or teleconferencing, and now represents to the Court that he is ready and willing to travel to Atlanta, the Defendant's Motion for Protective Order [138] is **DENIED AS MOOT**, and Defendant's Motion to Allow Hearing [141] is **DENIED AS MOOT**.

Defendant Molina Galeana is **ORDERED** to appear for a properly noticed deposition in Atlanta, Georgia, at a specific date and place to be agreed upon by the parties, but no later than **April 1, 2011**. Defendant is again advised that, should he again fail to appear for a properly noticed deposition, the Court may issue an order

9

holding him in contempt and ordering that he be arrested for failure to comply with a lawful order of the Court, and the Court may also impose further monetary sanctions on both him and his counsel.

The parties are also **ORDERED** to appear before the undersigned on **March 25, 2011, at 10:00 a.m.** in Courtroom 1879, 18th Floor, United States Courthouse, Richard B. Russell Federal Building, 75 Spring St. S.W., Atlanta, Georgia. The undersigned will conduct a discovery conference regarding the issues presented in Plaintiff's Motion to Compel [120], which was granted in an Order [134] issued on December 9, 2010. Counsel for Plaintiff shall be prepared to present the undersigned with the written discovery requests that Plaintiff has submitted to Defendant, and the responses submitted by Defendant to those discovery requests, along with his objections on Fifth Amendment grounds or any other basis.

Defendant Molina Galeana is expressly **ORDERED** to appear in person at this hearing on March 25, 2011. After oral argument, the undersigned will hold an *in camera* hearing at which time Defendant should be prepared to assert a reasonable basis for invoking his Fifth Amendment privilege with respect to each individual discovery request propounded by Plaintiff.

Because the Defendant is ordered to appear in person before the undersigned on March 25, 2011, the parties may find it convenient to schedule Defendant's deposition on March 24, 2011; the undersigned, however, will not order the parties to hold the Defendant's deposition on that date and will allow them to cooperate to determine a date for the deposition that is mutually convenient for all parties, so long as the date is on or before April 1, 2011.

### III.   CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Contempt [135] is **GRANTED IN PART, DENIED IN PART**.

Plaintiff is **ORDERED** to file, within **fourteen (14) days** of the entry of this Order, an affidavit from counsel setting forth the amount of attorney's fees and expenses incurred as a result of Defendant's refusal to attend his deposition and cooperate with discovery. Thereafter, if Defendant does not object to the amount of attorney's fees and expenses requested within **seven (7) days** of the filing of the affidavit, Defendant is **ORDERED** to pay to counsel for Plaintiff, within **thirty (30) days** of the entry of this Order, the amount of attorney's fees and expenses requested by Plaintiff as monetary sanctions for his failure to appear for a deposition.

Defendant's Motion for Protective Order [138] is **DENIED AS MOOT**, and Defendant's Motion to Allow Hearing [141] is **DENIED AS MOOT**.

Defendant Molina Galeana is **ORDERED** to appear for a deposition in Atlanta, Georgia, at a specific date and place to be agreed upon by the parties, but no later than **April 1, 2011**. The parties are also **ORDERED** to appear before the undersigned for a discovery hearing on **March 25, 2011, at 10:00 a.m.**

IT IS SO ORDERED this 11th day of February, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE